UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § § § |
| Plaintiff, | § § |
| | §  Case No. SA-22-CR-254-JKP |
| | § § |
| **STEPHEN A. POTTS,** | § § |
| Defendant. | § § § § |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Assistant United States Attorney Bettina Richardson submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for Defendant, Stephen A. Potts. For the reasons stated below, the Government recommends a sentence of at least 262 months imprisonment to be followed by lifetime supervised release. Additionally, Defendant should be ordered to pay restitution in the amount of $3,000 to each of the 21 identified victims requesting restitution, for a total amount of $63,000.

**I. Introduction**

On April 11, 2023, Defendant pled guilty to Counts One and Two of the indictment, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Government and the Defendant received the presentence investigation report ("PSR") timely. No objections have been filed.

The United States Probation Officer has properly calculated Defendant's sentencing guideline range as represented in the PSR prepared on December 27, 2022, and revised on

1

October 24, 2023, and March 14, 2024. As articulated in paragraph 64, based upon a total offense level of 37 and a criminal history category of I, the guideline imprisonment range is 210 months to 262 months.

**II.     A Term of Imprisonment of at least 262 months, the High-End of the Guideline Range, is Sufficient, But Not Greater Than Necessary, to Comply With §3553(a).**

*United States v. Booker*, 543 U.S. 220 (2005), permits this Court to impose a reasonable sentence after consideration of the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a); *see also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant with needed training, care or other treatment in the most effective manner; (3) the kinds of sentences available; (4) the kind of sentence and sentencing range provided for by the Sentencing Guidelines; (5) any pertinent policy statements by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among similarly situated defendants; and (7) the need to provide for restitution to any victims of the offense. *Carty*, 520 F.3d at 989.

The prevention of child sexual exploitation and abuse is without a doubt a government goal of "*surpassing importance*." *New York v. Ferber*, 458 U.S. 747, 757 (1982) (emphasis added). The Ferber Court noted that sexually exploited children struggle to form healthy emotional relationships as adults, suffer from sexual dysfunctions, and have a propensity to sexually abuse other people later in life. *Id.* at 758 n. 9. Quite simply, sexual abuse has a detrimental impact on children's natural psychological, emotional, and sexual development in ways that "no just or

humane society can accept." *Kennedy v. Louisiana*, 554 U.S. 407, 468 (2008) (Alito, J., dissenting).

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). A sentence of at least the high-end of the guideline range is strongly favored in this case due to the gravity of the offenses, the necessity for just punishment, and the need to promote respect for the law.

### A.  Nature and Circumstances of the Offense

Defendant's crimes are heinous in both nature and circumstances. At the time of his arrest, Defendant was one of the most prolific distributors of child pornography in this region. He collected and distributed photos and videos memorializing the torture, abuse, and sexual assault of children, using them to satisfy his own deviant desires.

Between November 17, 2021, and December 18, 2021, Defendant utilized a computer equipped with Peer-to-Peer (P2P) file sharing software and connected to the internet from his residence in San Antonio, Texas to distribute to an undercover law enforcement computer 194 files, representing 2.63 TBs of materials (171,005 files, with 2,845 folders) containing child pornography as defined by 18 U.S.C. § 2256(8). The Defendant's device was the sole candidate for the downloads received by the law enforcement computer utilizing investigative software. The files possessed and distributed by the Defendant contain videos depicting violent sexual assaults of infants, toddlers and prepubescent children, wherein the sexually explicit conduct includes the penetration of their tiny sexual organ, anus, and mouth by adult males using their penis, fingers and other objects.

On May 4, 2022, federal agents with DHS-HSI executed a federal search warrant at the Defendant's residence, seizing numerous electronic devices from Defendant and from within the secondary outbuilding, including 22 external hard drives, 2 computers, 1 laptop, 4 flash drives, 3

iPhones, and 5 micro-SD cards. After being mirandized, Defendant admitted to using P2P software to search for and receive child pornography as recently as the morning the search warrant was executed. Defendant told agents that he operated his computer in the "active/on" mode with the P2P software running and downloading child pornography 24/7.

Simply put, Defendant sexually exploited abused children for his own gratification; and he did so 24/7.  Repeatedly.  Continually.  Without remorse.   And then, he memorialized it in such a way – by collecting it within the peer-to-peer platform that was running/accessible 24/7, that the horrific abuse of these tiny victims will digitally live forever, continuing to victimize them.

Although this Court must take other circumstances into account in addition to the Defendant's offensive conduct, this Court should nonetheless give that conduct considerable weight when determining his punishment. The government's recommended sentence appropriately reflects "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

> B. **Reflection of the Seriousness of the Offense, Promoting Respect for the Law, and Provide Just Punishment**

This Court's sentence must consider the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). The Protection of Children against Sexual Exploitation Act of 1977 was created by Congress in an effort to combat the organized, widespread child pornography industry that was making millions of dollars by exploiting children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which contained 18 U.S.C. 2251, sought to close a legal gap by focusing on the creation of materials that depicted child abuse. *Id.* at 56. However, the Act and its following amendments go beyond simple preventative measures. They serve as a reflection of our society's moral standards and highly regarded opinions. "The use of children as the subjects of

pornographic materials is very harmful to both the children and the society as a whole," one Senate Judiciary Report stated, calling the practice "outrageous." *Id*. at 43.

Defendant's acts not only violated federal law but also every imaginable moral concept that guides our legal system. The volume of child pornography distributed by Defendant in one month – 171,005 files – is unimaginable.  Not only was he growing his collection 24/7, but he was also growing the collections of like-minded individuals with a sexual interest in children. Defendant has forever affected the lives of each of the children and their families. This Court's sentence must express an appropriate level of social condemnation of his crimes.

### C.  Impact on the Victims

The United States Supreme Court, in upholding Ohio's prohibition of possession of child pornography in Osborne v. Ohio, noted:

> The materials produced by child pornographers permanently records the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come. The State's ban on possession and viewing encourages the possessors of these materials to destroy them. Second, encouraging the destruction of these materials is also desirable because evidence suggests that pedophiles use child pornography to seduce other children into sexual activity.

*Osborne v. Ohio*, 495 U.S. 103, 111 (1990).

Defendant intentionally downloaded and stored child pornography to engage in the sadistic and masochistic conduct of child sex abuse. With each of the victims, Defendant not only sexually exploited the children himself, but distributed the material to others to do the same. 24/7.  The images and videos were saved, and these images were shared on the internet. These children will be victimized forever and live in a world in which pictures and videos of their abuse can be uploaded and live in perpetuity on the Internet.

Defendant's guideline range, along with the statutory maximum range of punishment, is the direct result of his specific and voluntary conduct. The guidelines are reasonable and the

statute maximums are appropriate in this case and should be given appropriate deference when formulating an appropriate sentence.

### D.  Adequate Deterrence and Need to Protect the Public

The Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C § 3553(a)(1). The requirement is "not merely that a sentencing court…be stingy enough to avoid [a sentence] that is too long, but also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1167 (11th Cir. 2010).

The Eleventh Circuit recognized in *Irey* that research in this field is "consistent with what judicial decisions show: pedophiles who have sexually abused children are a threat to continue doing so." *Id.* at 1214; *see also United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders.").  Here, a term of imprisonment of at least 262 months followed by a lifetime term of supervised release is reasonable considering the Guidelines, Guidelines Policy Statements, and 18 U.S.C. § 3553(a) factors.

The possession and distribution of child pornography is extremely damaging because it actively promotes and documents child rape and sexual exploitation. This Court knows the heinousness of child pornography and its effects on its victims. Congress has called child pornography "a national tragedy" in which children are "filmed or photographed while engaging in sexually explicit acts for the producer's own pleasure or profit." H.R. Rep. 98-536 at 1 (1983), reprinted in 1984 U.S.C.C.A.N. 492.

Imposition of a sentence at the top of the advisory guideline range, or even the statutory maximum, followed by a lifetime supervised release "afford[s] adequate deterrence to criminal

conduct" and "protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

### III. Conclusion

When the Court considers all the factors enumerated in 18 U.S.C. §3553(a), the Guidelines and Guidelines Policy Statements, a term of imprisonment of at least 262 months, followed by lifetime supervised release is a reasonable and appropriate sentence. Such a sentence generally deters the behavior exemplified by the defendant, imposes a reasonable sentence given the defendant's criminal conduct, that will promote respect for the law, considers the kinds of sentences available and the sentencing range established by the Guidelines, will protect the public from further crimes of the defendant, and avoids unwarranted sentencing disparities among similarly situated defendants.

Respectfully Submitted,

JAIME ESPARZA
United State Attorney

*/s/ Bettina J. Richardson*
BETTINA J. RICHARDSON
Assistant United States Attorney
State Bar No. 00786196
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Phone: 210 384-7150
Fax:  210 384-7118

### CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the parties of record.  Additionally, a copy of this document was emailed to counsel for Defendant, USPO Vivian Friesenhahn, and the Court, on Sunday, March 17, 2024.

/s/
BETTINA J. RICHARSON
Assistant United States Attorney